**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| David W. Brankle, ) | |
| ) | |
| Petitioner, ) | Case Nos. 1:04-CR-19 |
| ) | 1:04-CR-40 |
| ) | 1:04-CR-41 |
| ) | 1:04-CR-42 |
| ) | 1:04-CR-43 |
| ) | 1:04-CR-44 |
| ) | 1:04-CR-45 |
| ) | 1:04-CR-46 |
| ) | 1:04-CR-47 |
| ) | 1:04-CR-48 |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

O R D E R

In 2004, Petitioner in the above captioned cases, David W. Brankle, entered into a Rule 11(c)(1)(C) plea agreement with the government in which he pled guilty to committing over 40 bank robberies in exchange for a combined sentence of 252 months of imprisonment. Additionally, in Case No. 1:04-CR-41, Petitioner pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119(1), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).

In June 2016, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in each of these cases in which he argues that his § 924(c) conviction is invalid in light of the U.S. Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). In Johnson, the Court invalidated the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and in Welch the Court held that the rule announced in Johnson

applies retroactively to cases on collateral review. The government, however, has moved to dismiss Petitioner's § 2255 motion on the grounds that Johnson does not apply to convictions under § 924(c).

The relevant provision of § 2255 states that the movant is entitled to an evidentiary hearing on his claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). In this case, the record conclusively shows that Petitioner is not entitled to relief from his § 924(c) conviction and sentence. As the government correctly argues it its motion to dismiss, the Sixth Circuit has ruled that Johnson does not apply to convictions under 18 U.S.C. § 924(c). United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016).

**IT IS THEREFORE ORDERED THAT:**

1. The Government's motion to dismiss Petitioner's motion to vacate, set aside or correct sentence is well-taken and is **GRANTED**.

2. Petitioner's motion to vacate, set aside or correct sentence is not well-taken and is **DENIED**.

3. Petitioner's motion for clarification is **DENIED AS MOOT**.

4. A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473 (2000), Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84.

Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals.  See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

5. The Court certifies pursuant to 28 U.S.C.A. §  1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal this order in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


Date September 19, 2016                                s/Sandra S. Beckwith
                                                                                  Sandra S. Beckwith
                                                                        Senior United States District Judge