IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case Nos.: |
| | : | 1:04-cr-19 |
| Plaintiff, | : | 1:04-cr-40 |
| | : | |
| v. | : | Judge Matthew W. McFarland |
| | : | |
| DAVID W. BRANKLE, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING MOTIONS FOR RECONSIDERATION

Defendant David Brankle previously moved to modify the conditions of his supervised release, requesting to serve his supervised release in the Northern District of Iowa rather than the Southern District of Ohio. The Court denied those motions. (Case No. 1:04cr19, Doc. 56; Case No. 1:04cr40, Doc. 24). This case is before the Court again on his motions to reconsider (Case No. 1:04cr19, Doc. 57; Case No. 1:04cr40, Doc. 25).

The Federal Rules of Criminal Procedure do not provide for motions to reconsider, but courts adjudicating such motions in criminal cases typically evaluate them using the same standards applicable to a civil motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014). Under Rule 59(e), motions to amend or alter judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). It is an extraordinary motion and, because it

1

conflicts with the norm of finality, is rarely granted. *Robinson*, 5 F. Supp.3d at 936. It is only proper if it contains an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not have been submitted previously, or points out a manifest error of fact or law. *Id.*

Mr. Brankle argues that the Court's denial of his original motion "seems to be based on misconstrued or overlooked facts." (Motion for Reconsideration, Doc. 57, Pg. ID 362.) He makes two citations to the order: (1) a statement that Mr. Brankle had been unable to provide a viable address; (2) the observation that Mr. Brankle does not have an Iowa address. As to the first, the Court was simply recounting the record as laid out in the exhibits Mr. Brankle himself submitted. As to the second, Mr. Brankle still admits that it is true he does not have an Iowa address. He does not point to any authority that the Court has overlooked, and the only evidence he submits that he could not have submitted earlier — a letter to the Clerk of Court about not receiving certain documents — is not relevant to whether he is entitled to a modification of supervised release conditions under 18 U.S.C. § 3583(e).

The Court again encourages Mr. Brankle to reconsider accepting the assistance the Probation office provides him. The motions for reconsideration are **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

2